Our next case for argument today is 20-2200 Bestway v. Intex Recreation Corp. Mr. Artz, please proceed when you're ready. Good morning, Your Honors. May it please the Court. The board below improperly construed the concave limitation. It did so by assigning it a meaning contrary to its ordinary meaning, but nothing in the presumption that every term in a claim should be given its ordinary meaning. The board did so based on two things. It did so based on the inclusion of the phrase, that is in the claim, not in the specification, as well as the report. Counsel, maybe you're not aware of it, but the claims are part of the specification. They are, Your Honor, but as what the board said is it utilized the claim and not the specification to define the term. You have to start with the ordinary meaning in the claim, but you have to use the specification to help understand what it is that terms in the claim mean. So are you saying that the phrase, that is, is meaningless in the claim? I'm not saying that at all, Your Honor. What I'm suggesting is you need to look to the specification to see what that concave limitation, as used in the claim, actually means, and what that is, when you look at the specification means, there's a causal relationship. You can't look at the claim and determine that the term concave has no meaning. They gave the term concave a meaning of a lateral displacement. That's a flat, a convex, that effectively reads the term concave out of the claim entirely. Well, you could, in a claim, define a term, even if there are things in the specification or the written description that are inconsistent with what your definition is, right? You can be your own lexicographer. You can be your own lexicographer, Your Honor. There's nothing in the specification or in the intrinsic record here that indicates an intent by the patent owner to define concave as something other than its ordinary meaning. Well, except the claim language. Well, Your Honor, I would suggest that the claim language, as both the Board and Intex noted, tracks actual language in the specification. So, I just want to be clear. You have to stop saying specification. The Board didn't make the mistake that you're making. It says, we make the following findings regarding the written description disclosure in the specification. So, if you would please be precise and refer to the written description when you seek to exclude the claims. That would be helpful to me. I apologize, Your Honor. Let's look at the written description, the summary of the invention, and specifically, let's look at column two. And I want to point to the places in the written description where the term concave is used so we can help understand how the term concave is used in the claim language. And I would like to use, refer the Court to column two. And in column two, it utilizes the term concave specifically with the phrase extends beyond. That the concave relationship, which is the spatial relationship at the bottom of the bed that provides the stability of the bed, the relationship between the lower main chamber and the peripheral auxiliary chamber is defined as being concave. And if we're going to focus on what that is in the claim. Is there a particular language in column two you'd like me to use? Yes, Your Honor. I'm sorry. Column two, lines 13 through 18. That that phrase tracks the language of the claim. And then the immediately following sentence, beginning at line 18. That talks again about the peripheral auxiliary chamber being raised by the lower main air chamber such that the lower main, that the peripheral auxiliary chamber extends downward to contact the ground. And I would also like to refer the Court to column three. Column three also uses the same that is language. Column, column three utilizes, it says it's, it's with reference to the lower surface. What line? What line are you on? I'm sorry. Column 20, line 24. Column three. It's outer surface, and this is in reference to the outer surface of the lower main air chamber is concave with respect to the outer surface of the loop of the peripheral auxiliary air chamber. That is, surface C of peripheral auxiliary air chamber B1 is higher than or extends beyond. So this. Right. So, but it is possible to, to move laterally and not extend beyond the frame, right? Which is what occurred, what, what they're talking about here. Well, it, sure, it's possible, but the lateral displacement is already in the claim, Your Honor. The lateral displacement, the claim talks about an oblique extending strip. It's got, the bed has an upper chamber and a lower chamber, and the oblique extending strip is placed in the lower chamber. It connects from the side peripheral wall and extends down to the bottom wall. So that oblique extending strip is creating this peripheral auxiliary chamber within the lower chamber. And as the name suggests, periphery, it's already around the lower main air chamber. So interpret, to then interpret the next limitation about the peripheral extending, the peripheral auxiliary chamber extending beyond, it's already at the periphery. So to interpret it as saying, okay, well now it extends beyond the bottom surface, it's, the claim already tells us it's already there. So the only limitation, or the only interpretation that is consistent with both the word concave and extends beyond is a construction that affords some sort of vertical arrangement that, which is consistent with the ordinary meaning of concave, because every, every surface that is concave is going to have the outer edges, the outer periphery extend beyond. But not every surface that extends beyond is going to be concave. Under this interpretation, you have a flat surface. You could have a convex surface that extends beyond. To interpret the term as the board did, the concave limitation to read out the term concave eliminates the term concave from the claim. But, but you're saying so that the oblique extending strip can allow for lateral extension. What is wrong with the claim actually defining the itself, defining the claim to allow for that possibility? Well, where the board erred was suggesting that it could be lateral extension only. The construction that the board had is it could be vertical. Well, counsel, the board gave it the broadest reasonable construction, which is extends beyond, could be either extends beyond vertically or extends beyond horizontally, because the claim itself doesn't limit it one way or the other. So the board didn't exclude any of the embodiments that are disclosed. It construed the claim broadly to include all of them. Well, with all due respect, I disagree. I don't think that the board analyzed the claim properly. When the argument is that we're reading limitations into the claim, no we're not. We're asking the court to give proper definition to the word concave as used in the claim. And how do we look at what concave is? We've talked about what's in the written description, but I think it's also important to look at what the inventors indicated in the background of the invention were problems. But you defined it in the claim. You chose to say concave, comma, that is, boom, and you gave a definition. You gave it an express definition in the claim. You chose to do that. And your definition is, in fact, broader than and encompasses all of the embodiments disclosed in the spec. Now, you want to narrow that definition. I don't agree, Your Honor. Even accepting Your Honor's argument that that is serves as a definition, you have to look at what it is. You can have a concave structure that extends beyond, that extends downwardly. But you can't have an extend beyond, in all instances, that is concave. So to find that that is language serves to change the ordinary meaning. When there's nothing in the written description and nothing in the file history that suggests that, in fact, if you look at that same language of Column 3 in the specification that says is higher than or extends beyond, and that's at line 27, in the instances where the applicant during prosecution in the clarifying amendment inserted extends beyond into the claim, the detailed description, the only place where extends beyond appears in the detailed description is as a parenthetical defining or modifying higher than. Why change the claim? Why not just leave as higher than? For the very same reason that the Board noted in Footnote 7 is that the higher than orientation created some ambiguity as to which direction the raising or which direction the displacement was occurring. But the examiner didn't say that during the course of prosecution. No, but what the examiner noted, Your Honor, was when they allowed the claims in the first instance, he specifically referenced and cited prior art that he wasn't applying but that he thought was relevant. That same prior art is the very same prior art cited by the applicant in the background and shown in Figures 4, 5, 6, and 7, which, as the examiner noted, had protruding stabilizing structure. So the examiner knew what it was that the invention was. So are you saying extends beyond is not broader than higher than? In a vacuum, extends beyond is broader than higher than. I'm not suggesting that the ordinary meaning of extends beyond in all instances equates to higher than. What I'm suggesting is as used here in the claim, as interpreted by the detailed description, the only instance where extends beyond appears is parenthetical to after higher than in relation to describing an arrangement where the peripheral auxiliary chamber extends beyond the lower surface of the bed to contact the ground and to provide the stability, which is what the patent and what the invention was designed to do, was to provide stability in a manner that was not protruding beyond the... And doesn't the claim as construed by the board expressly cover that embodiment disclosed in column three? The answer is only yes. Well, in some regards, no, Your Honor, to the extent that the construction reads out the vertical, and you can have a construction that is just a flat bed across the bottom that's not concave. How does this construction read out the vertical? This construction by the board allows both horizontal and vertical to meet the extends beyond limitation. So I don't see how you can actually stand in front of me and argue that the construction by the board reads out the embodiment in column three. Your Honor, if you have a construction that says the outer surface of the peripheral auxiliary chamber... Under the board's construction, would you be able to assert this claim for infringement against something under the board's construction that has extending beyond in the vertical direction? Yes. That's the embodiment in claim in column three? But what it does, like the TF3 case, is it interprets the claim, not taking into account what the invention is, such that the claim covers a lateral only construction. But it doesn't say only. The construction says the outer surface of the peripheral auxiliary air chamber extends either vertically and or laterally. So the board's construction covers a lateral only. That's a flat bed, and that's what the prior art was that the board relied on to invalidate the claims. There was no raised structure. It was a flat bed across its surface, and it's found that it met this limitation because the peripheral auxiliary chamber was located outside of the lower main air chamber. Just like the claim defines with respect to the oblique extending strip, it's already there. So effectively, while they said vertical could be part of the construction, it's not required. And that's where I have the issue with the board's construction. I don't believe that lateral is required simply because the periphery, the bed footprint, is defined by the side of the bed, called the periphery sheet. And the oblique strip contacts the inner surface of that and extends inwardly. So by definition, the peripheral auxiliary chamber is going to be within the footprint of the bed. Do you want to save any of your time? Yes, I see my time is up. Thank you. Okay. Mr. Carter? Thank you, Your Honors. May it please the court. The PTAB construed two terms. Sorry. Okay, go ahead. Please proceed.  May it please the court. The PTAB construed two terms and found that all claims of the 866 patent are invalid based on multiple obviousness combinations. Best Way doesn't challenge any part of the obviousness findings and only challenges the one claim construction, the concave limitation. The claim language is that concave is defined by extends beyond. And that is how the PTAB correctly arrived at its claim construction. At bottom, all of Best Way's arguments turn the claim language on its head by requiring extends beyond to be defined by concave. Best Way's attempt to rewrite the claim in this and other manners is improper in the fundamental flaw. I mean, I think their argument would be that extends beyond means higher, right? It has to go higher vertically. And they point to column three where they say is higher than, or in parentheses, or extends beyond. Why isn't that a definition for the word extends beyond that requires vertical, not just horizontal? So that particular section in column three says higher than and then uses the term or, which is an alternative. No, it doesn't. It says higher than and then in parentheses says or extends beyond, which reads to me definitional and not an alternative, right? Why would there be parentheses? If it was an alternative, you wouldn't use parentheses. I look at they're turning or into that is. And to me, or, if I'm looking at I'm going to do A or B, I'm going to do one or the other as alternatives, not A. And then whether or not it's in parentheses, I can do B instead. And I also think that if you look at the totality of the intrinsic evidence, which includes the claims, the written description, and the file history, we have every time concave is used, the term that is, is used along with the term extends beyond. And that happens in the abstract. It happens column two lines 13 through 17. It happens in column three. But why couldn't we interpret that is as simply establishing a cause and effect relationship between the concave spatial relationship and the extension beyond? I mean, if you're making it flat, it's not concave anymore, right? So, I agree that the normal use of concave as an adjective, which is curved inward, that flat is not curved inward. Here, though, every time concave is used, not just in the claim, which is very important here, they in the claim itself, they use that is to define concave. Every use in the written description, they associate concave with the defining term that is and extends beyond. And very importantly, the other piece of the intrinsic record is the file history. Best way consciously made the decision in the file history to change. But every time they use concave in the specification, it's referring to vertical extension beyond. I don't see any embodiment in the spec that is horizontal only. Correct. No embodiment that is vertical only. The use of extends beyond is definitely a broader term than higher than or a term that would just refer to lateral extension or that would just refer to a vertical extension. So, under your interpretation, then all of those things in the prior art that were expressly disclaimed and denigrated because the platform would extend even beyond the frame, that all of that would be covered by the board's interpretation, correct? The prior art that was distinguished, Your Honor. So, if we look, for example, at figures four through seven, those importantly did not have the oblique extending strip that creates the shape of the inverse cone. And that is when you're looking at what it is that best way. My question is, could you have something that extends beyond the very frame of the bed and creates that tripping hazard that was denigrated in the prior art? So, the lateral extension, as Mr. Arts mentioned, there's the use of peripheral. So, it's claimed as being peripheral. And what is shown in figure three is that that surface does extend laterally consistent with that. The claims don't do anything to define a footprint. They don't do anything to limit something to being within a space of, you know, for example, the main air chamber. If they wanted to claim in that route, there are many ways they could have done that to write that claim language. However, I would point out that when you look at the 866 patent and you look at figure three, which best way says is covered by the claims, for example, you can look at the right-hand side of figure three. And that peripheral auxiliary air chamber that is labeled B1 clearly sticks out to the right of both the upper main chamber and the lower main chamber. So, just query what claim limitation would best way have added to the claims supported by the specification to get to this footprint issue that they wanted. If they wanted some kind of negative claim limitation, such as no extra chamber outside of the lower chamber, I suppose they could have done that. To me, now we are in the land of the court rewriting the claims as opposed to construing the claims as best way negotiated and obtained in the patent office. Okay, so I understand that your point is that because of the that is language, concave no longer means concave. That is correct. Okay, so let me go back to my question before about the potential for a cause and effect relationship, right? You've got, you know, you could say a fever causes an infection, but that doesn't necessarily redefine an infection to mean a fever, right? It's a cause and effect relationship that they're arguing is in the claims. If they had written the claim to say you have a concave relationship that causes this extension, I think that is different than using that is or IE. This court has cases that we have cited in our briefing. I believe it's on pages 36 and 37 of the red brief. The Edwards case, the SkinMedica case, that the use of IE or that is signals an intent to define. And those are all cases where that is done in the specification. Here, this is done in the claim. And it's also done in the specification. And it was done in the file history, where BestWay made a conscious decision to, instead of claiming a vertical relationship following that is, they had a broader extension beyond the relationship. There's nothing in the file history that says why that was done, correct? That is correct. But I don't think that there is any dispute that going from higher than, which is clearly a vertical orientation, to extends beyond. I don't think there's any dispute that the claim language was not broadened in the manner adopted by the PTAB's construction. But going back to my other question, because you never really answered it, you would say that everything that was denigrated in the prior art could be covered by this construction, right? It could extend as far beyond as you want it to, right? Yes, because of these claims. Now, yes, there's nothing limiting the size of the peripheral chamber in the claims. Nothing at all that limits that. They could have done that in the claims, but they didn't. The reason is, when you look at what it is they were describing, and what it is the examiner adopted as the reasons for allowance, it's focused on the oblique extending stroke and the shape of the inverse cone. That's what it is that Bestway believed that it was patenting. It wasn't putting a limit. Right, the shape of the inverse cone. I'm sorry? The shape of the inverse cone. In other words, the concave shape, right? No, the shape of the inverse cone is a different limitation than the concave limitation. The shape of the inverse cone is created by the oblique extending stroke. And the oblique extending stroke is what it is that was added in the 103 combination from the MedSCA reference. And that combination and the reasons for the combination are not contested by Bestway here. That is, in the prior art, what it is that Bestway said that it was doing. When you look at the advantages, for example, it isn't just limited to tripping. They also talk about saving cost. They talk about having a better appearance. Why do you think, or how would you explain the prosecution amendment on page 16 where they eliminated the words is higher than and changed it to extends beyond? What would your explanation be for how a skilled artisan would understand that Is it your view that that is, in fact, a broadening amendment? Because you don't usually see broadening amendments in response to office action rejections. Let me make sure because there are four places. Page 616 is where I am at the moment in the appendix. Yep, so that's the amendment to the claim. And I think that that absolutely is a broadening amendment. And as I believe, Judge Moore, in your questions, you were correct that the specification supports that amendment. Because when you look at figure three, there is extension both vertically and laterally. And so it is broadening and it is supported when you look at figure three of the claims. One final point that I will make is that even Best Way does not want the plain ordinary meaning of concave. When you look at figure three and you look at the relationship of the surfaces that they're claiming, you have a completely flat surface that is bounded by two convex surfaces.  Looking at figure three is going to say that there is a concave anything, a curve inwardly there. And that is the definition of concave as its use as an adjective here. Best Way also points to uses of concave as a noun. But the claim does not use concave as a noun. And so those ordinary uses should not apply. Best Way, what they're really after is just vertical displacement. They want the bottom surface of the bed lifted completely off the ground. But that clearly is not what is claimed. They could have. There are a lot of different ways they could have claimed that. And the PTAB in its findings noted that Best Way could have amended the claims through a reissue or a motion to amend or in the original prosecution, but they did not do so. Unless the court has any further questions, I will see my remaining time. Okay, counsel. Mr. Artz, you have some rebuttal time. Thank you, Your Honor. Just a couple of quick points. We agree that that is in the claim is referencing a causal relationship. And that's the only thing that makes sense in the context of the entire claim. So when you look at the file history, what has happened? In the office action where they indicated that the claims were allowed, this is on Appendix 642, the examiner expressly says the prior art made of record, and this is in the conclusion, and not relied upon is considered pertinent to applicant's disclosure. And then it lists a series of references. Some of those references are not only described in the specification, they were included in Figures 4 through 7. And the examiner says... Counsel, this is really what I've been thinking about. It isn't correct that after these issues became joined before the PTAB, as to what was and wasn't covered, that there was no opportunity to restrict the claims in a way that you're telling us they should be interpreted in order to avoid these problems. Meaning... I'm sorry, Your Honor. He was asking, did we have an opportunity to amend the claims? I know by statute, it's supposedly permitted. So my question is both, was there an opportunity, and also, was it pursued? We did not pursue any amendment of the claims, and certainly under the IPR rules, we had an opportunity to file a motion to amend the claims. So that was available to us, and we didn't do it. But again, we didn't believe that the claims required amendment. We believe that the term concave, as defined within the specification... I see my time is up. May I finish, complete my answer? Last point I want to make is, counsel, Mr. Carter suggested in every instance where concave appears within the detailed description, it's associated with the term extends beyond. That's not correct. Yes, because it does appear as if at least some of the problems you're confronting here could have been avoided by amendments had they been timely or permitted under the system. That certainly, Your Honor, the hindsight's 20-20 with respect to any patent. We can always go back and look and wish that things were clear. We're dealing with the record as we have it today. Thank you, Your Honor. I thank both counsel. This case is taken under submission.